1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| **VATSANA BOUPHATHONG,** ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| **PENNCRO ASSOCIATES, INC.,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Washington Consumer Protection Act ("WCPA"), Chapter 19.86, RCW.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

COMPLAINT -1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**PARTIES**

4.      Plaintiff, Vatsana Bouphathong ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of King, and City of Federal Way.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Penncro Associates, Inc. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and a "claim" as defined by RCW § 19.16.100(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant is directly or indirectly engaged in soliciting claims for collection or collecting or attempting to collect claims owed or due or asserted to be owed or due another person, and is a "collection agency" as defined by RCW § 19.16.100(2).

9.      Defendant is licensed as a "collection agency" pursuant to RCW 19.16.100.

10.      Thus, Defendant is a "licensee" as defined by RCW § 19.16.100(9).

**FACTUAL ALLEGATIONS**

11.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

12.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13.      Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

COMPLAINT -2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

14.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

15.     In connection with the collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated May 3, 2012, regarding Bank of America/FIA Card Services N.A. account ending in 5641 (the "Account").    (See May, 3, 2012 written communication, attached hereto as Exhibit A).

16.     In its May 3, 2012 initial written communication, Defendant stated in relevant part:

> REGARDING:  PAST DUE CREDIT CARD
> ACCOUNT # ENDING IN:  5641
> TOTAL ACCOUNT BALANCE:  $3,378.04

(Exhibit A).

17.     In its May 3, 2012 initial written communication, Defendant failed to inform Plaintiff whether the Account was subject to the accrual of interest and/or other fees or charges on the date the notice was sent.  (See Exhibit A).

18.     Upon information and good-faith belief, the alleged debt related to the Account, at all times relevant, was accruing interest.

19.     Defendant's May 3, 2012 communication is misleading to the "least sophisticated consumer," who could readily conclude that the total account balance stated as due was due at any time, when in fact it was not and was subject to adjustment on a periodic basis.

20.     As a result, Defendant's May 3, 2012 communication failed to clearly and effectively state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1).

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

21.    Defendant's omission of material information would deceive or mislead the least sophisticated consumer as to the character or amount of the debt.

22.    In its May 3, 2012 initial communication, Defendant failed to provide Plaintiff with an itemization of the interest or service charges that Defendant added to the alleged debt after placement. (See Exhibit A).

23.    Additionally, in its May 3, 2012 communication, Defendant stated its address as:

PO Box 3003
Phoenixville, PA 19460

(Exhibit A).

24.    In its May 3, 2012 initial written communication, in providing only a P.O. Box address, Defendant failed to provide the city, street, and number where it is licensed to do business.

25.    Plaintiff, by and through her counsel, sent Defendant a written request by certified mail to properly itemize the alleged debt it represented existed in its initial written communication to Plaintiff, incurring a charge for the postage and mailing of the same.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

26.    Plaintiff repeats and re-alleges each and every factual allegation contained above.

27.    Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt when failing to disclose that the Account was subject to interest or other charges.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

COMPLAINT -4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

28.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

29.     Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive, or misleading representation or means in connection with the collection of an alleged debt, including, but not limited to: its material omission as to whether Plaintiff's alleged debt was subject to interest or other charges.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

30.    Plaintiff repeats and re-alleges each and every factual allegation contained above.

31.    Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF RCW § 19.86.020

32.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24.

33.    The Washington Consumer Protection Act declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

34.    To establish a violation of the Washington Consumer Protection Act, Plaintiff must show:

(1) That Defendant engaged in an unfair or deceptive act or practice;

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

(2) That the act or practice occurred in the conduct of Defendant's trade or commerce;

(3) That the act or practice affected the public interest;

(4) That Plaintiff was injured in either her business or property; and

(5) That Defendant's act or practice caused Plaintiff's injury.

35.      RCW § 19.16.250(8) provides, in relevant part:

No licensee or employee of a licensee shall:

*        *        *

(8) Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form, other than through proper legal action, process, or proceedings, which represents or implies that a claim exists unless it shall indicate in clear and legible type:

(a) The name of the licensee and the city, street, and number at which he or she is licensed to do business;

*        *        *

(c) If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or her or its first notice to the debtor, an itemization of the claim asserted must be made including:

   (i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;

   (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor;

   (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection;

   (iv) Collection costs, if any, that the licensee is attempting to collect;

   (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or her or its behalf or on the behalf of a customer or assignor; and

COMPLAINT -7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

(vi) Any other charge or fee that the licensee is attempting to collect on his or her or its own behalf or on the behalf of a customer or assignor;

(d) If the notice, letter, message, or form concerns a judgment obtained against the debtor, no itemization of the amounts contained in the judgment is required, except postjudgment interest, if claimed, and the current account balance;

RCW § 19.16.250(8).

36.     Defendant violated RCW § 19.16.250(8)(a) by failing to indicate the name of the licensee and the city, street, and number at which it is licensed to do business, in a letter sent to Plaintiff, in connection with the collection of an alleged debt.

37.     Defendant violated RCW § 19.16.250(8)(c)(iii) by failing to itemize Plaintiff's debt or otherwise include the information required by that section in Defendant's initial correspondence to Plaintiff.

38.     Defendant's violations of RCW § 19.16.250(8), as detailed above, constitute *per se* unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the WCPA.  RCW § 19.16.440.

39.     A violation of the WCAA implicates the public interest.  *Evergreen Collectors v. Holt*, 60 Wash. App. 151, 156 (Wash. App., Div. 2, 1991) (explaining that a claimant asserting a per se violation based upon a violation of the Washington Collection Agency Act need not prove that the public interest was affected as "[s]uch an analysis would be superfluous in a case where, as here, the plaintiff establishes a per se violation of the Consumer Protection Act by conduct statutorily declared to be violative of the Act"); *see also Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 897 (Wash. 2009) ("The business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors."); RCW § 19.86.093(1) ("In a private action in which an unfair or

COMPLAINT -8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

deceptive act or practice is alleged under RCW 19.86.020, a claimant may establish that the act or practice is injurious to the public interest because it: (1) Violates a statute that incorporates this chapter; . . . .").

40.     Further, because Defendant regularly attempts to collect debts from consumers in violation of the WCAA, Defendant's violations implicate the public interest. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 538 (Wash. 1986) ("[I]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest.").

41.     Defendant's unlawful collection activity directly and proximately caused Plaintiff injury, including time and expense incurred in defense of Defendants' collection activities, including postage and mailing fees incurred in disputing the validity of the debt sought to be collected and otherwise communicating with Defendant in response to its debt collection activity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendants violated RCW § 19.86.020;

b)   Awarding Plaintiff actual damages pursuant to RCW § 19.86.090;

c)   Awarding Plaintiff discretionary treble damages pursuant to RCW § 19.86.090;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to RCW § 19.86.090;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**TRIAL BY JURY**

42.     Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 19th day of September, 2012.

<u>s/Jon N. Robbins</u>
Jon N. Robbins (28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@attorneysforconsumers.com
Attorneys For Plaintiff

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com